UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **OHIO FARMERS INSURANCE COMPANY, D/B/A WESTFIELD GROUP** | ) ) ) ) | **CASE NO. 1:13 CV 1553** |
| Plaintiff, | ) ) | **JUDGE PATRICIA A. GAUGHAN** |
| vs. | ) ) ) | |
| **FRANK WAGNER** | ) ) | **Memorandum of Opinion and Order** |
| Defendant. | ) | |

**Introduction**

This matter is before the Court on defendant's Motion to Dismiss for insufficient service of process (Doc. 5). Plaintiff, Ohio Farmers Insurance Company, commenced this action against defendant, Frank Wagner, alleging defamation, misappropriation of its trade secrets, and other claims. For the following reasons, defendant's Motion to Dismiss is DENIED.[1]

---

[1] Plaintiff has also filed a Motion to File a Sur-Reply with the Court, which is GRANTED.

**Standard of Review**

"Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties." *O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.,* 340 F.3d 345, 353 (6th Cir. 2003). Plaintiff "bears the burden of perfecting service of process and showing that proper service was made." *Sawyer v. Lexington–Fayette Urban County Gov't,* No. 00–6097, 18 Fed. Appx. 285, at *287 (6th Cir. Aug. 21, 2001) (citing *Byrd v. Stone,* 94 F.3d 217, 219 (6th Cir.1996)).

In determining whether plaintiff has met this burden, the Court applies the standards of proof governing motions to dismiss for lack of personal jurisdiction. *See e.g.*, *Cardenas v. City of Chicago*, 2010 WL 610621 (N.D. Ill. Feb. 15, 2010) ("Under this construct, motions pursuant to Rule 12(b)(5) and 12(b)(2) (for lack of personal jurisdiction) are interrelated and the standards for both motions are the same."), *aff'd*, 646 F.3d 1001 (7th Cir. 2011); *Lowdon PTY Ltd. v. Westminister Ceramics, LLC*, 534 F. Supp. 2d 1354 (N.D. Ga. 2008).

When challenging the sufficiency of service of process, defendant must describe with particularity how the service of process failed to meet the procedural requirements of the Federal Rules. *O'Brien v. R.J. O'Brien & Associates, Inc.,* 998 F.2d 1394, 1400 (7th Cir. 1993). Plaintiff then has the burden to demonstrate sufficient service of process by making a *prima facie* case of proper service. *See Blair v. City of Worcester,* 522 F.3d 105, 111–12 (1st Cir. 2008). The burden shifts back to defendant to bring strong and convincing evidence of insufficient process. *O'Brien,* 998 F.2d at 1398. When defendant supports his motion with affidavits, plaintiff is permitted to submit counter-affidavits. *See Chatman v. Condell Med. Center,* No. 99–C–5603, 2002 WL 737051 (C.D. Ill. April 22, 2002); 5B Wright & Miller

Federal Practice and Procedure Civil 3d § 1353, at 345.

When a district court does not conduct an evidentiary hearing,[2] a court must view the pleadings and affidavits in the light most favorable to the plaintiff and not consider the controverting assertions of the defendant when deciding whether to dismiss for lack of jurisdiction. *Calphalon Corp. v. Rowlette,* 228 F.3d 718, 721 (6th Cir. 2000); *Serras v. First Tennessee Bank*, 874 F.2d 1212, 1214 (6th Cir. 1989) (adopting this rule to prevent defendants from avoiding personal jurisdiction simply by filing an affidavit denying all jurisdictional facts).

### **Discussion**

Defendant moves the Court to dismiss plaintiff's complaint and argues that plaintiff has not properly served him and, as such, the action should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5).

The affidavits submitted by the parties directly conflict. Defendant acknowledges that a woman came to the door of his house on July 18, 2013, but contends that she never spoke a single word to him.[3] He states that he assumed she was selling something, and only told her "I'm not interested" and then closed the door before she could say anything to him. Ten to fifteen minutes after this, defendant states that he found an envelope on his porch with his name typed on it. Inside, he found a copy of the summons and complaint. (Doc. 11 p. 17-19).

---

[2] Neither party has requested that the Court conduct an evidentiary hearing, and the Court declines to grant one *sua sponte*.

[3] Defendant submitted an earlier affidavit with his Motion to Dismiss. There, however, defendant *only* stated that he found an envelope on his front porch with his name typed on it and that when he opened the envelope he discovered a copy of the complaint. (Doc. 5 p. 6-7).

In response, plaintiff has submitted the affidavit of Natalie Tompkins, whom plaintiff hired as a process server. Ms. Tompkins states that she received a copy of a summons and complaint for service upon Frank Wagner who resided at 60-1 Mint Tier, Reading, Pennsylvania. Ms. Tompkins states that she drove to that address on July 18, 2013 at approximately 5:00 pm that evening and knocked on the door. It was opened by a man who, upon inquiry, identified himself as Frank Wagner. Ms. Tompkins states that she told the person who had identified himself as Frank Wagner that she had court documents for service upon him and she attempted to hand them to him. She states that the gentleman refused to accept the documents, used profane language towards her, and made a shoving motion with his hand and told her to get off his property before he shut the door in her face. Ms. Tompkins then states that she left the documents in an envelope, with Mr. Wagner's name and address on it, at the door of 60-1 Mint Tier, Reading, Pennsylvania. She states she "remained in the area and noted that Frank Wagner picked up the documents within a few minutes after [she] returned to [her] car." Ms. Tompkins states she also sent a copy of the documents by mail to Mr. Wagner's address. (Doc. 9 Ex. 1).

The Federal Rules of Civil Procedure ("FRCP") provides for service of process to be effected by delivering a copy of the summons and complaint to the individual personally. FRCP 4(e)(2)(A). Where actual notice of the commencement of the action and the duty to defend has been received by the one served, the provisions of the Federal Rules should be liberally construed to effectuate service and uphold the jurisdiction of the court, thus insuring the opportunity for a trial on the merits. *Rovinski v. Rowe*, 131 F.2d 687 (6th Cir. 1942).

The process server must identify the nature of the papers to the individual she is

serving. *Weiss v. Glemp*, 792 F. Supp 215 (S.D.N.Y. 1992) (finding no service of process where papers were not clearly identified as legal documents); 4A Charles Alan Wright and Arthur R. Miller, *Federal Practice & Procedure* § 1095, at 516-17 (3d ed. 2002). However, FRCP 4(e)(2) does not require an "in hand" delivery and acceptance of the papers. *Ali v. Mid-Atlantic Settlement Services, Inc.*, 233 F.R.D. 32 (D.D.C. 2006) (finding valid service of process where defendant refused to open the door to his residence and allow process server to hand him documents). Service of process can be effective when the process server leaves the papers near the person after he has refused acceptance. *Novak v. World Bank*, 703 F.2d 1305, 1310 n. 14 (D.C. Cir. 1983) ("When a person refuses to accept service, service may be effected by leaving the papers at a location, such as on a table or on the floor, near that person.").

Defendant has acknowledged that he had actual notice of the pending suit on July 18, 2013 when he opened the envelope he retrieved from his front door step.[4] While accounts of the process server's interaction with defendant differ, construing the facts in the light most favorable to plaintiff, the Court finds there has been effective service of process on defendant based upon her affidavit. Because plaintiff has alleged specific facts to support a case for sufficient service of process, the Court DENIES defendant's Motion to Dismiss. *Accord TRW, Inc. V. Derbyshire*, 157 F.R.D. 59 (D. Col. 1994) (declining to quash service of process where

---

[4] The Court is cognizant of the fact that under Sixth Circuit precedent actual notice is not itself sufficient to cure non-compliance with the Federal Rules. *Ecclesiastical Order of the Ism of Am, Inc. v. Chasin,* 845 F.2d 113, 116 (6th Cir. 1988). However, for the reasons set forth in this Opinion, the Court concludes that service complied with the Federal Rules.

defendant had actual knowledge of suit and plaintiff had made good faith efforts to serve defendant at an address he had given them); *Frank Keevan & Son, Inc. v. Callier Steel Pipe & Tube, Inc.*, 107 F.R.D 665, 671 (S.D. Fla. 1985) (declining to vacate a default judgement and deeming service effective where plaintiff served defendant's cousin at the cousin's residence and defendant had actual knowledge of the suit).

Both parties request that they be awarded costs, including attorneys' fees, incurred in connection with preparing their motions. Upon review of the parties' motions, the Court finds that costs are not appropriate in this case, and each party's request for costs is DENIED.

### **Conclusion**

For the reasons stated above, defendant's Motion to Dismiss for insufficient service of process is DENIED. Defendant must file an Answer within seven days from this Order.

IT IS SO ORDERED.

        /s/ Patricia A. Gaughan  
        PATRICIA A. GAUGHAN  
        United States District Judge

Dated: 10/22/13